In re Thomas E. ALLEN, dba Thomas E. Allen Company, aka Allen Farms, and Sandra Lee Allen, dba Thomas E. Allen Co., aka Allen Farms, Debtors.

Thomas E. ALLEN, dba Thomas E. Allen Company, aka Allen Farms, and Sandra Lee Allen, dba Thomas E. Allen Co., aka Allen Farms, Plaintiffs,

v.

Virgil LEAVITT, Defendant.

Bankruptcy No. B–78–186/187 PHX–VM. Adv. No. A.

United States Bankruptcy Court, D. Arizona.

June 3, 1982.

Redfield Baum, Phoenix, Ariz., for plaintiffs.

Merwin Grant, Phoenix, Ariz., for defendant.

## MEMORANDUM DECISION

VINCENT D. MAGGIORE, Bankruptcy Judge.

This case comes before this court on a Motion to Reopen. The matter was submitted on the following facts:

Thomas and Sandra Allen dba Thomas E. Allen Co. (debtor) leased a farm from Virgil Leavitt (defendant). While operating this farm, they filed a Chapter 11 Petition. On May 23, 1978, before the Chapter 11 Plan was completed, the Defendant filed a proof of claim for rents owed to him by the debtors in the amount of $79,843.54. An objection to the claim was filed .by the debtors. On May 25, 1978, this court issued its Order accepting the plan and issuing a discharge notice. A hearing date for oral argument on the objection to the claim was set for June. The Defendant did not pursue the claim at this June hearing so the claim was disallowed by this Court.

In February of 1979, the Defendant filed a Forcible Detainer Action in Superior Court alleging that the debtor should be evicted for failure to pay rent. In March of 1979, the debtors vacated the farm taking two pumps which belonged to the Defendant. The Defendant then filed another suit in the state court claiming breach of contract, conversion and damages. Judgment in this state court proceeding was awarded in favor of the Defendant as follows: 1) $66,795.23 for rent; 2) $1,125.00 for personalty wrongly converted; 3) $1,761.84 for taxes; 4) $10,000.00 attorneys fees; 5) $471.45 costs; 6) interest at 10%.

The debtor made application to this court in a motion to reopen on the basis that some of the determinations made by the state were previously determined by this court and are thus res judicata.

The two issues specifically to be resolved by this court are:

1. What is the value of the pumps taken by the debtors at the time of removal.
2. How much of the $66,795.23 for rent granted by the state court was discharged by the May 25, 1978 Order of Discharge by the Bankruptcy Court.

The first issue to be resolved, is the value of the pumps at the time of removal. The Defendant submitted invoices showing that the pumps were purchased in 1977 for $11,500.00 a piece. Evidence was also admitted whereby in 1979, the Defendant through an undisclosed agent from the debtor, purchased one of the pumps in question for $6,250.00. Assuming the pumps were equivalent in value, Defendant is entitled to $6,250.00 for the amount he paid for the one and $6,250.00 for the equivalent fair market value of the other pump.

The second issue is more difficult to resolve. It must first be noted that the $66,-795.23 awarded by the state court is determined to be for rent and not for damages for breach of the contract. The award was granted for a period of time from 1977 to 1979. In accordance with 11 U.S.C.A. § 771 of the Bankruptcy Act, and also in accordance with the holding in *United States v. Coast Wineries*, 131 F.2d 643 (9th Cir. 1942),

all rents owed before May 25, 1978, the date the confirmation of the plan and discharge order was granted, are discharged. Any rent issue that pertains to any period of time prior to this date is res judicata as to any amount and may not be redetermined in a subsequent state court proceeding. This issue should have been litigated in connection with the hearing scheduled on June 15, 1978 to determine the proof of claim on the lease. See 3 Collier on Bankruptcy, § 57.14(7) at page 242. There was no provision in the plan to make rent payments. That is, the debtor's plan did not provide for any payments to the defendant and therefore, in accordance with the terms of the plan and Section 371, the rent obligation that existed prior to May 25, 1978 was discharged. Thus, the amount of money, if any, the Defendant is allowed to collect from the debtor is for rent due after this period.

With regards to the post May 25, 1978 rent, the debtor asserts that the rent is offset by certain credits due him. He alleges that because the Defendant failed to object to these credits at the June proof of claim hearing that the Defendant is precluded by res judicata from objecting to them now. The defendant on the other hand, asserts that the silence of the parties as to the offsets should not be construed as aquiesence towards the credits by the parties. Defendant further alleges, that the reason the rent and credits were not objected to in the proof of claim hearing is because the Debtors and the Defendant entered into an oral agreement with the debtors whereby the debtors would leave all the equipment on the leased land, would pay all rents coming due after May 25, 1978, would pay all payments to the State Land Department, and would pay all payments to the Farmers Home Administration in exchange for the Defendant not contesting his claim at the proof of claim hearing.

The evidence presented at the trial was the testimony of the two attorneys representing the debtors and the plaintiffs at the time the bankruptcy was being administered. The testimony was contradictory.

The attorney for the debtors testified that the Proof of Claim was not pursued because at the time of the hearing, the amount owed was not a present but a future debt and, therefore, there was nothing to the claim. The Defendant's attorney stated that the claim was not pursued because of the oral agreement.

This Court finds that the position of the Defendant i.e. that the Proof of Claim was not pursued because of an oral agreement, cannot be accepted. Any such agreement would have been subject to approval by this Court. No such agreement was ever ratified.

This Court also cannot wholly embrace the position of the debtors, i.e. that the failure to challenge the offsets at the proof of claim hearing constitutes this Court's approval of those offsets or that the Defendant is precluded from raising the issue of the offsets by res judicata. These offsets can reasonably be viewed as either liabilities of the creditor or assets of the debtor. Although the proof of claim hearing would probably have been the best forum to decide whether or not the offsets were valid; failure to do so at the time does not constitute res judicata and does not preclude the Defendant from raising that issue at a subsequent state court proceeding. That is, the Defendant can raise the issue in state court for any post May 25, 1978, offsets claimed. To further clarify this Court's position; it is held that any pre-May 25, 1978, offset is res judicata because the proper forum for raising the issue was the Proof of Claim Hearing. However, any post May 25, 1978, offset claimed properly could be and was challenged in a subsequent hearing. In the instant case the state court ruled that these offsets were not valid. Thus, no offsets were carried beyond the May 25, 1978, date. At this point, May 25, 1978, the debtors owe no rent and possess no offsets.

This Court finds that the debtor is liable for rent from May 25, 1978, through March 15, 1979, less any amount paid FHA or the State Land Department as per the original agreement. That is, this Court finds that the debtor owes the Defendant $3,353.40 from May 25, 1978, through June 30, 1978; $17,000.00 for July 1, 1978 through December 30, 1978; and $7,005.49 from January 1, 1979 through March 15, 1979, for rent.

The Debtor also owes the Defendant 10% interest on this amount from June 20, 1980, the time the Superior Court rendered judgment.

The Defendant is permanently precluded from collecting from the Debtor any amount for rent or for conversion of the pumps other than what is set forth above. An order consistent with these findings shall be entered.

The foregoing constitutes Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.